[No. 7,360.—In Bank.]

## JACOB COHEN v. J. A. HARVEY, COUNTY CLERK, ETC.

REGISTRATION.—The plaintiff, a naturalized citizen, was registered in the Great Register of Solano County, in the year 1876; but the entry of his registration failed to show the date of his naturalization, as required by § 1096, Political Code. The Board of Supervisors having ordered a re-registration, (in pursuance of § 1094, Political Code) the defendant, who was County Clerk, refused to register the plaintiff, on the ground that he had failed to furnish him with the date of his naturalization. *Held,* that the plaintiff's name being enrolled and uncanceled on the Great Register, he was entitled to register, under the provisions of § 1094, Political Code.

ID.—Political Code, § 1097, does not apply to persons who have been previously registered.

APPEAL from a judgment for the plaintiff in the Superior Court of Solano County. GREGORY, J.

*Jos. McKenna,* and *A. J. Buckles,* for Appellant.

The plaintiff's registration did not comply with § 1096 of the Political Code, and was therefore void. If one of the requirements of the statute may be omitted, why not two? Why not all? (*Ashley* v. *Olmstead,* 54 Cal. 616.)

*Geo. A. Lamont,* and *O. R. Coghlan,* for Respondent.

If it appear that the applicant's name was enrolled and uncanceled on the former register, the clerk has no discretion, (Pol. Code, § 1094) but must re-register, and leave the legality of the entry to be tested under § 1109 of the Political Code.

MORRISON, C. J.:

The complaint in this case contains the following averments:

That the defendant is and was on the 29th day of July, 1880, the duly elected and acting Clerk of the County of Solano, and, as such, has charge of the registration of voters in and for said county; that on the 6th day of April, 1880, the Board of Supervisors of said County of Solano made an order, in pursuance of § 1094 of the Political Code, authorizing a re-registration of the voters of that county; that at the time the said order of re-registration was made, and for a long time prior thereto—that is to say, from the 17th day of June, 1876, and up to

and including the day said order was made—plaintiff was duly enrolled as an elector and voter of the County of Solano on the Great Register of that county. That the following is a copy of such registration: "Voting No., 624. Registered No., 670. Name, Jacob Cohn. Age, 31. Country of nativity, Poland. Occupation, merchant. Local residence, Suisun. Naturalized, date ——. Place, Sacramento. By what court, County. Date of registration, June 17th, 1876." That at the date of said order his name (Jacob Cohn) was uncanceled on said Great Register; that at the time plaintiff was so registered, to wit, on the 17th day of June, 1876, he was, and ever since has been, and now is, a qualified elector of the said County of Solano; that on the 30th day of July, 1880, the plaintiff demanded that his name be enrolled on the new Great Register of said county; that is to say, that he be re-registered by the defendant as an elector and voter of said county, but that the defendant then and there refused to register him, on the ground that the plaintiff had failed to furnish him the date of his naturalization.

To the complaint a demurrer was interposed on behalf of the defendant, the ground stated therein being, that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the Court, and the defendant failing to answer, final judgment was entered in favor of the plaintiff. From such judgment this appeal is taken.

It is claimed on behalf of the defendant, that the plaintiff was not entitled to re-registration, for the reason that he failed to furnish the County Clerk the date of his naturalization. The question presented in the case must be determined by the statute of March 30th, 1878, as amended April 16th, 1880.

The appellant contends that the case comes within the provisions of § 1097 of the Political Code, as amended April 16th, 1880; and if it does, it is very apparent that the judgment of the Court below was erroneous. That section is as follows:

"No person's name must be entered by the clerk unless—

"1. Upon a certificate of registration in another county, showing that such registration has been canceled, and upon proof by the affidavit of the party that he is an elector of the county in which he seeks to be registered.

"2. Upon the returns of the assessor of the county.

"3. If a naturalized citizen, upon the production of his certificate of naturalization, which certificate must be issued ninety days prior to the succeeding election ; or upon his own affidavit that it is lost or out of his possession, which affidavit must state the place of his nativity, and the time, and place, and court of his naturalization, together with his affidavit that he has resided in the United States for five years, and in this State for one year, next preceding the time of application, and that he would be an elector of the county at the next succeeding election," etc.

It is very obvious from the language of the above section, that it applies to two classes of applicants, the first of whom are voters who have been registered in another county, and whose registration has been *canceled*, and the second being a class of persons who have never been registered at all.

But the applicant in this case does not come within either of the classes referred to in § 1097. He had been registered in the County of Solano, and, but for an order of the Board of Supervisors requiring a re-registration, would have been entitled to exercise the rights of an elector in that county without any further or additional act of registration on his part.

The respondent claims that his case comes within the letter and spirit of § 1094 of the Political Code. (See Hittell's Codes, and Statutes of 1877–78 and 1880, p. 74.) That section is as follows :

"Section 1094. There must be kept in the office of the county clerk of each county a Great Register. Whenever deemed necessary, the board of supervisors of any county may, by order, require a re-registration of the voters of said county ; which said order shall be published in at least one newspaper published in said county for not less than six months preceding the next ensuing general election. Such a re-registration shall conform in all respects to the provisions of this Code concerning original registration, *except that any person applying for re-registration shall be entitled thereto upon showing that his name was enrolled and uncanceled on the former Great Register.*"

The facts show that Jacob Cohn was registered on the 17th day of June, 1876, and that his name was enrolled on the Great Register, and *uncanceled* at the time he made application to the Clerk of Solano County to be re-registered.

In our opinion, the case comes clearly within the letter and spirit of § 1094 of the Political Code referred to above; and the applicant was not required, as a condition precedent to his right of re-registration, to make an affidavit stating the facts set forth in subd. 3 of § 1097 of the Political Code.

Judgment affirmed.

THORNTON, J., McKINSTRY, J., ROSS, J., SHARPSTEIN, J., and McKEE, J., concurred.